IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CISNEROS, JR.,<br><br>            Petitioner,<br><br>      vs.<br><br>KENNETH CLARK, Warden, California State Prison, Corcoran,<br><br>            Respondent. | No. 2:10-cv-00387-JKS<br><br>MEMORANDUM DECISION |

      Carlos Cisneros, Jr., a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254.[1] Cisneros is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Corcoran. Respondent has answered, and Cisneros has replied.

                      I.  BACKGROUND/PRIOR PROCEEDING

      In August 2007 Cisneros entered a negotiated plea of no contest in the Yolo County Superior Court to carjacking, Cal. Penal Code § 215(a), burglary, Cal. Penal Code § 459, and two counts of robbery, Cal. Penal Code § 211, along with two firearm use enhancements, Cal. Penal Code § 12022.53(b), and one gang enhancement, Cal. Penal Code § 186.22(b)(1). In exchange, the prosecution dismissed seven counts, and Cisneros was promised a sentence of 25 years. The trial court thereafter denied Cisneros's motion to withdraw his plea and sentenced him as agreed

---

[1] Concurrent with filing his Petition, Cisneros also filed a document entitled "Petitioner's Traverse." Docket. No. 5. As this document was filed prematurely, the Court treats it as the functional equivalent of a Memorandum of Law in support of Cisneros's Petition.

on December 7, 2007. The California Court of Appeal affirmed Cisneros's conviction and sentence in an unpublished decision,[2] and the California Supreme Court denied review on April 9, 2009. Cisneros timely filed his Petition for relief on December 21, 2009, and it was entered on the docket in this Court on February 16, 2010.[3]

The facts underlying Cisneros's conviction are well known to the parties. Accordingly, except to the extent that they may be necessary for an understanding of the decision of this Court, those facts are not repeated herein.

## II. GROUNDS RAISED/DEFENSES

In his Petition, Cisneros asserts four enumerated grounds: (1) an insufficient factual basis for his plea to the firearm enhancement, Cal. Penal Code § 12022.53(b), in connection with Count 5 of the Indictment (robbery of a Circle K store); (2) an insufficient factual basis for his plea to the gang enhancement, Cal. Penal Code § 186.22(b)(1), in connection with Count 5 of the Indictment; (3) an insufficient factual basis for his plea to the burglary charge, Cal. Penal Code § 459; and (4) the trial court erred in not permitting Cisneros to withdraw his guilty plea. Respondent does not assert any affirmative defense.[4]

## III. STANDARDS OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[2] *People v. Cisneros*, No. C057650, 2009 WL 250609 (Cal. Ct. App. Jan. 28, 2009).

[3] Docket No. 1, at 1, 16.

[4] *See* Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[6] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[7] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[9] The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[10] "[A]bsent a specific constitutional

---

[5] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412 (alteration added).

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[11] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[12] Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[13]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[14]

---

[11] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[12] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[13] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[14] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

In applying this standard, this Court reviews the last reasoned decision by the state court.[15] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[16] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[17]

## IV.  DISCUSSION

Inadequate Factual Basis for Plea (Grounds 1, 2 and 3)

Although a factual basis for a plea is required under the Federal Rules of Criminal Procedure,[18] the Supreme Court has never held that the Due Process Clause imposes a duty on a state court to establish a factual basis for a guilty plea. Indeed, the Ninth Circuit has held that it does not.[19] Having failed to present a question of constitutional dimension, Cisneros is not entitled to relief under his first, second, and third grounds.

---

[15] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . ").

[16] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[17] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[18] Fed. R. Crim. P. 11(b)(3).

[19] *See Rodriquez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985) ("We conclude that the due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances.").

Ground 4:  Withdrawal of Guilty Plea

Cisneros argues that, because there was an inadequate factual basis to support his guilty plea, the trial court abused its discretion in refusing to allow him to withdraw his plea.  The Court of Appeal rejected Cisneros's argument, holding:

> [Cisneros] contends the trial court abused its discretion in denying his motion to withdraw his no contest pleas.  He argues there was good cause for the withdrawal in that (1) the trial court's implied findings were not supported by the evidence, (2) there was no factual basis for the gang enhancement, and (3) the plea form he signed contained errors and was difficult to read.  We find no abuse of discretion.
>
> In support of his motion to withdraw the pleas, [Cisneros] submitted an affidavit in which he asserted he did not understand at the time of the pleas that he was being charged with a gang enhancement.  He further asserted he was not a gang member and was not armed with a firearm at the time of the offenses.  [Cisneros] claimed he was scared at the time of the hearing, could not read his attorney's handwriting on the plea form, and did not have adequate time to discuss the matter with his attorney.  Finally, [Cisneros] asserted that, at the time of the hearing, he was suffering from a medical condition that paralyzed the left side of his face and kept him from understanding what was going on.
>
> At the hearing on the motion to withdraw the pleas, [Cisneros] testified he spent five or 10 minutes with counsel before the hearing discussing the plea bargain and did not understand all of it.  He asserted counsel never informed him of a gang enhancement and he did not recall the gang enhancement being discussed at the change-of-plea hearing.  [Cisneros] testified he had just learned of the medical condition causing him to lose movement on the left side of his face and he was stressed out and scared at the hearing.  He further testified counsel told him if he did not take the deal he would lose at trial and be sentenced to life in prison.
>
> However, on cross-examination, defendant acknowledged his attorney did discuss the gang enhancement, although he asserted counsel did not explain the difference between being a gang member and committing a crime for the benefit of a gang.  [Cisneros] further acknowledged counsel discussed with him the gun enhancement but asserted he was not armed at the time of the offenses and signed the plea form admitting the gun enhancement only because he was scared.  [Cisneros] further acknowledged counsel did not tell him he would lose at trial but instead that there was a chance he would lose.  Finally, [Cisneros] testified he did not want to sign the plea form but did so to avoid a potential life sentence.
>
> Defense counsel also testified at the hearing.  Counsel asserted he explained to [Cisneros] the difference between being a gang member and committing an offense for the benefit of a gang.  Counsel said [Cisneros] appeared to understand him. Counsel further testified defendant was focused on receiving a determinate term rather than a life term and he asked counsel to try to negotiate a lesser prison term.

6

Counsel did as instructed, but without success. Counsel asserted the plea form, as originally prepared by him, did not include the gang enhancement. However, the prosecution insisted on the enhancement in order to reach a 25-year sentence, and the plea form was changed. Counsel testified he explained all this to [Cisneros] and, although [Cisneros] appeared sad and upset, he agreed to the deal. According to counsel, at the change-of-plea hearing the next day, [Cisneros] appeared focused and less upset.

"On application of the defendant at any time before judgment . . ., the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) Whereas here [Cisneros] was represented by counsel at the time of the guilty plea, the court has discretion whether to permit withdrawal of the plea upon a showing of good cause. (*People v. Cruz* (1974) 12 Cal.3d 562, 566, 116 Cal.Rptr. 242, 526 P.2d 250.) "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.] But good cause must be shown by clear and convincing evidence." (*Ibid.*) "The grant or denial of such a withdrawal motion is 'within the sound discretion of the trial court and must be upheld unless an abuse thereof is clearly demonstrated.'" (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 917, 49 Cal.Rptr.3d 211.)

[Cisneros] contends good cause existed for withdrawal of his pleas in that the trial court's implied findings supporting its denial of the motion are not supported by substantial evidence. In particular, [Cisneros] asserts he sought to withdraw the motion because he did not use a firearm in connection with the offenses, and the evidence bears this out. However, as explained above, the fact [Cisneros] did not use a firearm is irrelevant to the charges and enhancements on which he was sentenced. Because of the gang enhancement, it was sufficient that any one of the perpetrators used a firearm.

[Cisneros] next argues there was an insufficient factual basis for the gang enhancement and, in any event, he was not aware the gang enhancement was part of the plea bargain. However, as highlighted above, there was an adequate factual basis for the gang enhancement, as reflected in the probation report, regardless of [Cisneros's] consistent denials of being a gang member. Further, the record of the change-of-plea hearing and the testimony of defense counsel at the hearing on the motion to withdraw belies [Cisneros's] claim that he was unaware the gang enhancement was part of the deal.

Finally, [Cisneros] asserts the illegibility and errors in the plea form he signed establish good cause to withdraw the pleas. We agree the declaration signed by [Cisneros] in connection with the pleas is not a model of clarity. However, it does list each of the four offenses to which [Cisneros] entered a no contest plea. It also indicates [Cisneros] would be admitting three enhancements, two under section 12022.53 and one under section 186.22. Although the form appears to state one of the section 12022.53 enhancements will be associated with count 8 rather than count 5, the end result is the same for [Cisneros]. More importantly, the plea form

correctly indicates the agreed determinate sentence of 25 years, which was the primary issue between the parties.

Defendant claims he was confused and scared at the time of the change-of-plea hearing. This is understandable. [Cisneros] was faced with the difficult choice between a known, determinate sentence of 25 years if he accepted the prosecution's offer and a potential life term if he rejected it and was convicted at trial. However, there is nothing in this record to suggest [Cisneros] was not fully aware of the options he faced and did not make a voluntary and knowing choice. "A plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456, 2 Cal.Rptr.2d 670.) Based on the record before us, we cannot say the trial court abused its discretion in denying [Cisneros] motion to withdraw his plea.[20]

The Supreme Court directly addressed the subject of attacking a guilty plea, stating:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].[21]

Cisneros faces a high hurdle in seeking to overturn a guilty plea on collateral review. The Supreme Court has held with respect to guilty pleas that:

It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange. It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired. *In Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we stated the applicable standard:

---

[20] *People v. Cisneros*, No. C057650, 2009 WL 250609, *11-12 (Cal. Ct. App. Jan. 28, 2009) (alterations added). Except for the defendant's name, this is reproduced exactly as it appears in the original.

[21] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (alterations added).

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).[22]

Twenty years later the Supreme Court explained:

> This Court recently explained, in reversing a lower court determination that a guilty plea was not voluntary: "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances-even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (emphasis in original). We similarly observed in *Patterson:* "If [the defendant] . . . lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that the information it provided to him satisfied the constitutional minimum." 487 U.S. at 294, 108 S.Ct. 2389 (internal quotation marks omitted).[23]

As under California law, withdrawal of a guilty plea under Federal Criminal Rule 11(d) is committed to the discretion of the trial judge, reviewable on appeal only for an abuse of that discretion.[24]

Cisneros does not contend in his Petition that he received ineffective assistance of counsel. Nor does Cisneros contend that the State of California was constitutionally precluded from bringing him to trial at all.[25] Based upon the record before it, this Court cannot say that the

---

[22] *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984) (internal quotation marks and citations omitted), *disapproved on other grounds in Puckett v. United States*, 129 S. Ct. 1423, 1430 n.1 (2009).

[23] *Iowa v. Tovar*, 541 U.S. 77, 92 (2004) (emphasis in original).

[24] *See United States v. Mayweather*, 634 F.3d 498, 504 (9th Cir. 2010) (citation omitted) ("We review the denial of a motion to withdraw a plea for abuse of discretion.").

[25] *See Menna v. New York*, 423 U.S. 61, 62 (1975) (per curiam); *Blackledge v. Perry*, 417 U.S. 21, 30 (1974).

decision of the Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[26]

## V.  CONCLUSION AND ORDER

Cisneros is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[27]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[28]

The Clerk of the Court is to enter judgment accordingly.

Dated: November 3, 2011.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[26] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[27] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[28] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.